UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICK R. SMITH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 20-301 (JEB) |

**MEMORANDUM OPINION**

*Pro se* Petitioner Nick R. Smith's habeas Petition strings together a series of farfetched allegations, requiring *sua sponte* dismissal for lack of subject-matter jurisdiction.

Smith commences his pleading thus: "Here now comes the Government of New Zion a Sovereign Ecclesiastic State, the Petitioner On behalf of the HRM King Nicodemus (By the people and the Constitution of New Zion King), aka Nicki Ray Smith a Citizens owned by (as per Exhibit #'s 1,2,3 and 7,) and subject of New Zion an International Corporation and a nonprofit Corporation in the USA . . . ." Pet. at 1-2. He later continues: "Petititioner's now shows the Worldwide objective claim of 'stated claim' that he is king of a kingdom of a country of government established by god himself with blessing of the threat toward the authority of a sovereign state of a new nation of freedom power of hope and peace and security justice . . ." Id. at 3 (all caps deleted). There are further attachments purporting to show, *e.g.*, the oath of citizenship of New Zion, id., Exh. 2, a Certificate of Citizenship for King Nicodemus of New Zion, id., Exh. 3, and the New Zion Constitution. Id., Exh. 4.

1

On rare occasions, a court may dismiss a case *sua sponte* for lack of subject-matter jurisdiction. This occurs where a complaint is "'patently insubstantial,' presenting no federal question suitable for decision." Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989)) (additional citation omitted). This standard requires that the "claims be flimsier than 'doubtful or questionable' – they must be 'essentially fictitious.'" Id. (quoting Hagans v. Levine, 415 U.S. 528, 536-37 (1973)). Claims that fall into this category include "bizarre conspiracy theories, any fantastic government manipulations of [the] will or mind, [and] any sort of supernatural intervention." Id. As a general rule, this procedural vehicle is "reserved for complaints resting on truly fanciful factual allegations," while 12(b)(6) dismissals "cull legally deficient complaints." Id. at 331 n.5.

As Petitioner's status and thus his factual allegations are fanciful at best, the Court will dismiss the case without prejudice. In any event, the only possible legal claims he articulates relate to state trial proceedings in Georgia, see Pet. at 3-4, which this Court has no power to review. A separate Order memorializing the dismissal will issue this day.

                                           */s/ James E. Boasberg*
                                           JAMES E. BOASBERG
                                           United States District Judge

Date: February 7, 2020